NOT DESIGNATED FOR PUBLICATION

No. 119,086

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANK CLIFFORD ERVIN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed
December 7, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Frank Clifford Ervin Jr. appeals the district court's decision
revoking his probation and ordering him to serve his underlying prison sentence. We
granted Ervin's motion for summary disposition under Kansas Supreme Court Rule
7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district
court's judgment be affirmed.

On September 11, 2017, Ervin pled guilty to one count of possession of
methamphetamine. On October 26, 2017, the district court sentenced Ervin to 30 months'
imprisonment but granted probation for a term of 12 months. Ervin did not appeal his
sentence.

1

On February 9, 2018, Ervin admitted to violating the conditions of his probation by committing new crimes of driving under the influence and possession of drugs. Ervin requested another chance at probation; but citing the fact that he had committed new crimes within five days of his sentencing, the district court revoked Ervin's probation and ordered him to serve his underlying prison sentence. The district court also found that public safety would be jeopardized by continuing probation because Ervin was involved in a serious traffic accident on October 30, 2017, while intoxicated. Finally, the district court found that Ervin's welfare would not be served by continuing probation because previous prison and jail sanctions had not served as a deterrent to his criminal behavior. Ervin timely appealed the probation revocation.

On appeal, Ervin claims the district court "abused its discretion in denying [his] request for an alternative disposition to the underlying prison sentence because sanctions remained a viable alternative." But Ervin admits the district court could bypass intermediate sanctions because he committed a new offense while on probation and because of the district court's public safety and offender welfare findings.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Ervin's probation after finding that he had committed new crimes while on probation. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). The district court also found that the safety of members of the public would be jeopardized and that Ervin's welfare would not be served by imposing an intermediate sanction. See K.S.A. 2017 Supp. 22-3716(c)(9)(A). Ervin does not challenge the sufficiency of these findings on appeal. The district court's decision to revoke Ervin's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Ervin has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Finally, Ervin claims the district court "erred in imposing a greater penalty [based on his criminal history score] that was not charged in the complaint and proven to a jury beyond a reasonable doubt." But Ervin did not timely appeal his original sentence, which was imposed on October 26, 2017. See K.S.A. 2107 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Ervin did not timely appeal his sentence, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Ervin's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.